AO 241
(Rev. 01/15)

FILED
U.S. DISTRICT COURT
2017 AUG 31 P 12: 06
DISTRICT OF UTAH
BY:
DEPUTY CLERK

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Utah, Northern |
|---|---|
| Name (under which you were convicted): Thomas Joseph Chrisman | Docket or Case No.: |
| Place of Confinement: Vernal Utah State Prison | Prisoner No.: 177184 |
| Petitioner (include the name under which you were convicted) Thomas Joseph Chrisman | Respondent (authorized person having custody of petitioner) v. State of Utah |
| The Attorney General of the State of: | |

## PETITION

(a) Name and location of court that entered the judgment of conviction you are challenging:

EIGHTH JUDICIAL DISTRICT COURT
920 East Hwy 40
Vernal, Utah 84078

(b) Criminal docket or case number (if you know): 120800064

(a) Date of the judgment of conviction (if you know): December 19, 2006

(b) Date of sentencing:

Length of sentence: 15 yrs to Life

In this case, were you convicted on more than one count or of more than one crime? ☑ Yes  ☐ No

Identify all crimes of which you were convicted and sentenced in this case:

Counts (1-3) Rape of a Child Utah code 76-5-402
Counts (4-9) Rape Utah code 76-5-402
Count (10) Forcible Sodomy 76-5-403

6. (a) What was your plea? (Check one)

☑ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
☐ (2) Guilty             ☐ (4) Insanity plea

AO 241 (Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: __UTAH COURT OF APPEALS__

(b) Docket or case number (if you know): __20090295-CA__

(c) Result: __Denied__

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: __STATUTE of Limitations bars prosecution on counts (1-3)     Testimony of Kristen Larson was improperly admitted.__

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

AO 241 (Rev. 01/15)                                                                                              Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Eighth District court_

(2) Docket or case number (if you know): _120800064_

(3) Date of filing (if you know): _may 2012_

(4) Nature of the proceeding: _Post Conviction Relief_

(5) Grounds raised:

_1) Denial of effective assistance of trial and Appellate Counsel_
_2) Denial of right to Appeal_
_3) Statute of limitations on counts (1-3)_
_4) Confusing testimony_
_5) States obligation to supply requested discovery_
_6) conflict of interest_
_7) Constitutional rights violations_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: _Denied_

(8) Date of result (if you know): _February 1, 2016_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Utah Court of Appeals

(2) Docket or case number (if you know): 20160637-SC

(3) Date of filing (if you know): Aug 1 2016

(4) Nature of the proceeding: 

(5) Grounds raised: 60(b) issues URCP

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Denied motion to set aside

(8) Date of result (if you know): August 25, 2016, Sept 19, 2016

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 01/15)

Page 6

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☑ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☐ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective Assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

IAC Because counsel failed to present prommised testimony.
IAC Because Counsel failed to present exculpatory evidence.
IAC Because failure to investigate and present substantial mitigating evidence
IAC counsels failure to call Alibi witnesses.
IAC Operated under an actual conflict of interest.
IAC Counsels failure to review jury instructions.
Title II ADA, Rehabilitation Act 1973, Pmimi Protection and Advocacy for individuals with mental illness.

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

AO 241 (Rev. 01/15)                                                                                      Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _Failure of Appellate Attorney to properly brief defendants claims._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Post conviction petition 65c_

Name and location of the court where the motion or petition was filed: _Eighth District court 920 east Hwy 40 Vernal, Utah 84078_

Docket or case number (if you know): _120800064_

Date of the court's decision: _2016_

Result (attach a copy of the court's opinion or order, if available): ____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____

Docket or case number (if you know): ____

Date of the court's decision: ____

Result (attach a copy of the court's opinion or order, if available): ____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Contract attorney for Utah State Prison advised that I file 60(B) motion to recuse Judge Peterson thereby time baring defendant's Appeal._

AO 241 (Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: motion 60 B Appeal to the Utah Court of Appeals

**GROUND TWO:** Prosecutorial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.) (DP - Due Process)
DP violated because prosecution suppressed exculpatory evidence.
DP violated prosecution suppressed evidence is material to guilt to punishment.
DP violated prosecution withheld evidence to discredit states key witness
DP violated prosecution presented stage testimony
Prosecutions misconduct error had substantial and injurious effect,
that infected the integrity of proceedings.
Title II ADA, Rehabilitation Act 1973 PAimi.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Attorney failed to properly brief defendants claims.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction petition 65c

Name and location of the court where the motion or petition was filed: Eighth District Court 920 E Hwy 40 Vernal, Utah 84078

Docket or case number (if you know): 120800064

Date of the court's decision: 2016

AO 241 (Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): <u>Judge Denied petition</u>

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Utah State Prison Contract Attorney's advised to file 60(B) to recuse Judge Peterson instead of Appealing.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: 60(B)

**GROUND THREE:** Significant Judicial error(s).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (DP = Due Process)
DP violated by Conviction of defendant without proving each element of crime.
DP violated by Judicial Bias and Prejudice.
DP violated by officers failure to provide reports suppressed.
DP violated by Double Jeopardy Duel Sovereignty.
DP violated Judges impartiality may be reasonably Questioned.
DP violated Judge has personal knowledge of disputed evidence, facts or has served as a lawyer in this Case.

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

  (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

  (2) If you did not raise this issue in your direct appeal, explain why: Appellate Attorney failed to properly Brief defendants claims.

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
  ☒ Yes ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: Post-conviction Petition 65c

  Name and location of the court where the motion or petition was filed: Eighth District court 920 east Hwy 40 Vernal, Utah 84078

  Docket or case number (if you know): 120800064

  Date of the court's decision: 2016

  Result (attach a copy of the court's opinion or order, if available): Denied petition

  (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

  (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Utah State Prison Contracte Attorney Advised 60 B to recuse Judge Peterson Not Appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: 60(B) Appeal Utah Court of Appeals

**GROUND FOUR:** Claims of Insufficient evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.) (DP = Due-process) DP violated only evidence likning defendant to Crime was Circumstantial and inferences of guilt were speculative. DP violated state did not provide full and fair hearing to develops facts. Title II ADA, Rehabilitation Act 1973, pAimi

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Attorney failed in his briefing to defend his Client.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction petition 65c

Name and location of the court where the motion or petition was filed: __Eighth District Court 920 east Hwy 40 Vernal, Utah 84078__

Docket or case number (if you know): __120800064__

Date of the court's decision: __2016__

Result (attach a copy of the court's opinion or order, if available): __Denied Petition__

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

__Utah State Prison Contract attorney instructed defendant to file 60 B Motion to recuse Judge Peterson and not Appeal.__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: __60(B) Appeal Utah Court of appeals.__

AO 241 (Rev. 01/15)

Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 01/15)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Lance Dean__
__134 west main Suite 202 Vernal, Ut 84078__

(b) At arraignment and plea: __Lance Dean__
__134 west main Suite 202 Vernal, Ut 84078__

(c) At trial: __Brian Sidwell__
__134 west main suite 202 Vernal, Ut 84078__

(d) At sentencing: __Lance Dean__
~~Elmer City,~~

*Just moved to washington*

(e) On appeal: __michael Humiston, PO Box 213 Elmer city, Washington 99124__

(f) In any post-conviction proceeding: __Pro-Se__

(g) On appeal from any ruling against you in a post-conviction proceeding: __Pro-Se__

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: __N/A__

(c) Give the length of the other sentence: __N/A__

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 01/15)                                                                                                                          Page 15

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 01/15)

Page 16

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___7-24-17___ (month, date, year).

Executed (signed) on ___7-24-17___ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

RECEIVED CLERK

AUG 7 2017

U.S. DISTRICT COURT

AO 241
(Rev. 01/15)

Page 1

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ __9.00__ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and __1__ copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for the District of Utah
   351 South West Temple
   Salt Lake City, UT 84101

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**