IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS JOSEPH CHRISMAN,<br><br>    Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>    Respondent. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION TO<br>DISMISS HABEAS PETITION**<br><br>Case No. 2:17-CV-985-TC<br><br>District Judge Tena Campbell |

## BACKGROUND

**State criminal case.** Petitioner was convicted of state crimes. *State v. Chrisman*, 2011 UT App 189, ¶ 1. He was sentenced to five-to-life terms on each count. (Doc. No. 12, at 9.) His direct appeal ended when the Utah Court of Appeals affirmed his conviction on June 16, 2011. *Chrisman*, 2011 UT App 189, ¶ 8. Petitioner did not seek certiorari review in the Utah Supreme Court. The time to do so expired July 18, 2011. Utah R. App. P. 48(a) ("A petition for a writ of certiorari must be filed with the Clerk of the Supreme Court within 30 days after the entry of the final decision by the Court of Appeals.").

**State post-conviction case.** On May 8, 2012, Petitioner applied for state post-conviction relief. (Doc. No. 12-13.) Summary judgment was granted for the State and affirmed by Utah Court of Appeals. *Chrisman v. Utah*, No. 20160637-CA (Utah Ct. App., Sept. 19, 2016). Petitioner did not seek certiorari review in the Utah Supreme Court. The time to do so expired October 19, 2016. *See* Utah R. App. P. 48(a).

Petitioner filed this federal habeas petition on August 31, 2017. (Doc. No. 1.) He later filed an amended petition (Doc. No. 11), to which Respondent responded. Respondent moves for dismissal (Doc. No. 12), and Petitioner has responded (Doc. No. 29).

## ANALYSIS

Federal statute sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2019). The period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). So, when the time expired on July 18, 2011, for Petitioner to seek certiorari review in the Utah Supreme Court, the one-year limitation period began running.

### 1. Statutory tolling

The limitation period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C.S. § 2244(d)(2) (2019)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period begins to run again.

Tolling, however, does not revive the limitations period—i.e., restart the clock at zero. It serves only to suspend a clock that has not already run. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Thus, any time between when a petitioner's direct appeal becomes final and when he files his petition

for state post-conviction relief is counted in the limitations period. And, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitations period because state-collateral review only pauses the one-year period; it does not delay its start. *See McMonagle v. Meyer*, 766 F.3d 1151, 1159 (9th Cir. 2014) (J. Rawlinson, dissenting) ("Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period.").

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition, *aggregate* to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

From July 18, 2011, the limitation period ran 295 days, when, on May 8, 2012, Petitioner filed his (ultimately unsuccessful) state post-conviction application and tolled the period. Seventy days remained at that point. The state post-conviction action concluded on October 19, 2016, when the time expired for Petitioner to seek certiorari review in the Utah Supreme Court. The period began running on that day and expired seventy days later on December 28, 2016.

Petitioner filed this federal action on August 31, 2017—246 days too late.

## 2. Equitable tolling

Petitioner suggests his lateness is excused because he is actually innocent. (Doc. No. 29.)

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "when a prisoner is actually innocent" or "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

The Court parses Petitioner's contention—based on the alleged conviction of another man of similar crimes on similar dates—that the period of limitation should be tolled because he is actually innocent. In his amended petition, his argument in its entirety is as follows: "Mark Halco, late grandfather of the alleged victim, accepted a plea bargain and went to prison for identical charges as raised against defendant on identical dates. I.E. another party admitted to cupability [sic] to charges falsely raised against Defendant." (Doc. No. 11, at 9.) He based this argument on "recently discovered evidence." (*Id*. at 10.) His response to the Motion to Dismiss adds nothing substantive: "Mr. Halco accepted the responsibility for these acts at essentially the same time and in the same locations that Mr. Chrisman was accused and for which Mr. Chrisman has always maintained his innocence, while Mr. Halco acknowledged he was responsible." (Doc.

No. 29, at 2.) Petitioner has not provided to this Court any further details or records showing Mr. Halco's conviction.

"[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Further, this evidence must "affirmatively demonstrate . . . innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'" *See Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare, though, that "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324.

First, Petitioner has not presented new, reliable evidence in this Court. He has not identified the date of Mr. Halco's alleged confession and conviction, calling it only "recently discovered." He has provided no evidence at all of Mr. Halco's alleged confession and conviction. His mere unsworn and self-serving statement that there was a confession and conviction does not meet the requirement that the evidence be reliable—the hallmark (again) of which is "'scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Schlup*, 513 U.S. at 324. Petitioner does not even evince recognition that reliability and trustworthiness are important, at issue, or requirements.

Moreover, Petitioner has completely ignored his burden to show that the "new evidence" was so strong that "no reasonable juror" would have found him guilty. *See id.* at 329.

Consequently, Petitioner has not demonstrated that Mr. Halco's alleged confession and conviction—when 'viewed with all the other evidence'—are such that 'no reasonable trier of fact could have found [him] guilty.'" *Id.* ¶ 18 (quoting Utah Code Ann. § 78B-9-104(1)(e)(iv)).

The Court thus rejects Petitioner's contention that actual innocence provides a basis for equitable tolling.

## CONCLUSION

Petitioner's habeas petition is untimely. And Petitioner has not met his burden of showing that—during the running of the federal period of limitation and beyond—he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Yang*, 525 F.3d at 930. Nor has he validly asserted his actual innocence. Petitioner thus has not established a basis for equitable tolling.

## ORDER

**IT IS ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (Doc. No. 12.) This federal habeas petition was filed past the period of limitation and neither statutory nor equitable tolling rescue the delay from the limitation period's operation.

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of Court is directed to **CLOSE** this action.

DATED this 3rd day of September, 2019.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge